UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17CV249

| | |
|---|---|
| **CHARLES J. WHITAKER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **NANCY A. BERRYHILL, Acting Commissioner** ) | |
| **of Social Security,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment (Doc. No. 11) and Commissioner's Motion for Summary Judgment (Doc. No. 13). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.      Administrative History**

Plaintiff filed an application for a period of disability and Disability Insurance Benefits on September 9, 2013, alleging a disability onset date of August 1, 2013. Plaintiff's claim was denied both initially and on reconsideration. Thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After reviewing the record and conducting a video hearing, the ALJ issued a decision which was unfavorable to Plaintiff, from which Plaintiff appealed to the Appeals Council. Plaintiff's request for review was denied, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").

Thereafter, Plaintiff timely filed this action, seeking judicial review of the ALJ's

decision.

## II. Factual Background

In his decision, the ALJ first determined that Plaintiff has not engaged in substantial gainful activity since his alleged onset date (Tr. 26). At the second step, the ALJ concluded that Plaintiff has the following severe impairments: DDD of the cervical and lumbar spine; obesity; migraine headaches; and hypertension. *Id.* At the third step, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 27). The ALJ then found that Plaintiff has residual functional capacity (RFC) to perform light work with the following limitations:

> except that [Plaintiff] is only able to sit for 20 minutes and stand for 15 minutes at one time before needing to shift position and have an opportunity to stretch for 1-2 minutes during the positional change. The claimant can occasionally climb ramps and stairs, balance, overhead reach, stoop, kneel and crouch. He can never climb ladders, ropes, and scaffolds, and needs to avoid concentrated exposure to pulmonary irritants defined as fumes, odors, dusts, gases. He is further limited to moderate noise environment as defined by the *Selected Characteristics of Occupations*.

(Tr. 27). As a result, the ALJ found in the fourth step that Plaintiff is unable to perform any past relevant work. (Tr. 32). However, at the fifth step, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including cashier/cafeteria setting type, and electrical assembler. (Tr. 33). Accordingly, the ALJ found that Plaintiff is not disabled under the Act.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th

Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

## IV. Discussion

Plaintiff raises two challenges to the ALJ's decision: (1) that the ALJ relied on the testimony of the vocational expert ("VE") that appeared to conflict with the DOT and did not identify and obtain a reasonable explanation for the conflict, and (2) that the ALJ failed to explain why Plaintiff's medically determinable mental impairments were not analyzed to determine if they have an effect on the RFC.

In his first claim of error, Plaintiff asserts that the ALJ improperly relied on the VE's testimony. This Court agrees and remands on this basis.

SSR 00-4p sets forth multiple responsibilities and places all of them on the ALJ. The Ruling explains that its "purpose" is to require the ALJ (not the VE) to "[i]dentify and obtain a reasonable explanation" for conflicts between the VE's testimony and the DOT, and to "[e]xplain in the determination or decision how any conflict that has been identified was resolved." *Social Security Ruling* (SSR) 00-4P, 2000 WL 1898704, *1.

The Ruling then proceeds to require that the ALJ undertake exactly these responsibilities. First, the ALJ must "[a]sk the [VE] . . . if the evidence he or she has provided conflicts with information provided in the [DOT]"; and second, "[i]f the [VE]'s . . . evidence appears to conflict with the [DOT]," the ALJ must "obtain a reasonable explanation for the apparent

3

conflict." *Id*. at *4. SSR 00-4p directs the ALJ to "resolve the conflict by determining if the explanation given by the [expert] is reasonable," *id*. at *2, and to "explain the resolution of the conflict irrespective of how the conflict was identified." *Id*. at *4.

Therefore, the ALJ has not fulfilled his affirmative duty "merely because the [VE] responds 'yes' when asked if her testimony is consistent with the [Dictionary]." *Pearson v. Colvin*, 810 F.3d 204 (4th Cir. 2015), quoting *Moore v. Colvin*, 769 F.3d 987, 990 (8th Cir. 2014). The ALJ independently must identify conflicts between the VE's testimony and the DOT.

In the RFC, the ALJ limited Plaintiff to occasional overhead reaching and included this limitation in the hypothetical questions to the VE (Tr. 79). In response to the ALJ's hypothetical question, the VE identified and the ALJ accepted the jobs of cashier II (DOT number 211.462-010) and assembler, electrical accessories (DOT number 729.687-010). (Tr. 33, 80). The ALJ asked the VE if her testimony was consistent with the DOT. The VE stated that it was except that the DOT is silent as to whether specific jobs allow for a sit/stand option.

The *Selected Characteristics of Occupations* ("SCO"), the companion publication to the DOT, documents "frequent" reaching for the jobs identified by the VE. The DOT/SCO defines reaching as "[e]xtending hand(s) and arm(s) in any direction." App. C, SCO, C-3.The ALJ did not elicit an explanation from the VE for these apparent conflicts. (Tr. 79-82) Nor does the ALJ provide a resolution of these apparent conflicts in the written decision. (Tr. 33-34)

This case is similar to the Fourth Circuit case of *Pearson v. Colvin*, 810 F.3d 204 (4th Cir. 2015). In *Pearson*, the claimant was limited in his RFC to "occasionally overhead lifting and reaching using the upper nondominant extremity." 810 F.3d at 206. Nevertheless, the VE identified jobs that the claimant could perform, including, as herein, cashier II. *Id*. The Fourth Circuit explained that there was an apparent conflict between the VE testimony and the DOT that

required the ALJ to elicit an explanation from VE:

> Although the [DOT] does not expressly state that the occupations identified by the expert require frequent bilateral overhead reaching, the [DOT's] broad definition of "reaching" means that they certainly *may* require such reaching. Comparing the [DOT] definition to Pearson's limitations, the vocational witness's testimony that Pearson could fulfill the requirements of these occupations apparently conflicts with the [DOT]. Although we could guess what these occupations require in reality, it is the purview of the ALJ to elicit an explanation from the expert as to whether these occupations do, in fact, require frequent bilateral overhead reaching. If the explanation does not provide a reasonable basis for relying on the expert's testimony, that testimony cannot provide substantial evidence for a denial of benefits. If the expert's explanation is reasonable, the ALJ can resolve the apparent conflict with the [DOT] and rely on the expert's testimony.

*Id.* at 211. (Emphasis in original).

Just as in *Pearson*, there is an apparent conflict herein between the VE's testimony and the DOT/SCO as to overhead reaching. The ALJ did not elicit an explanation from the VE about overhead reaching. "[I]t is the purview of the ALJ to elicit an explanation from the expert as to whether these occupations do, in fact, require frequent bilateral overhead reaching." *Id*. The ALJ did not elicit such explanation and remand is therefore warranted. Thus, the undersigned concludes that this matter should be remanded for a new hearing.

**V.     Conclusion**

The undersigned has carefully reviewed the decision of the ALJ and Appeals Council, the transcript of the proceedings, Plaintiff's motion and briefs, Commissioner's responsive pleadings, and Plaintiff's assignments of error. Because the ALJ did not properly address the apparent conflict between the VE's testimony and the DOT, this matter must be remanded. Accordingly, Plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will be vacated.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1)       the decision of the Commissioner, denying the relief sought by Plaintiff, is **VACATED**;

(2)       the Plaintiff's Motion for Summary Judgment (Doc. No. 11) is **GRANTED**; and

(3)       the Commissioner's Motion for Summary Judgment (Doc. 13) is **DENIED**; and

(4)       the matter is hereby **REMANDED** for further consideration.

Signed: March 29, 2018

Graham C. Mullen
United States District Judge